■ CONABA R. FERNANDEZ, an Infant, by GRECIA REYNOSO, Also Known as GRECIA R. FERNANDEZ, Also Known as GRECIA FERNANDEZ, His Mother and Natural Guardian, Respondent, v MT. SINAI HOSPITAL, Also Known as MOUNT SINAI MEDICAL CENTER, Appellant. — Order of the Supreme Court, New York County (Alvin Klein, J.), entered March 28, 1984, denying defendant's motion to vacate the order of September 2, 1983, which granted plaintiff summary judgment; for rehearing and renewal of that motion; and to resettle or vacate the order dated November 25, 1983, holding New York City Health and Hospitals Corporation and the City of New York in contempt, reversed, on the law, the facts and as a matter of discretion, and the motion granted, without costs.

Plaintiff brought action against Mt. Sinai Hospital to recover for medical malpractice, bottomed upon acts alleged to have

been committed at Elmhurst General Hospital some 14 years ago. Elmhurst is a municipal hospital operated by the New York City Health and Hospitals Corp. The claim against Mt. Sinai is predicated upon an affiliation agreement between that hospital and Elmhurst by virtue of which, it is claimed, Mt. Sinai undertook to provide certain medical services to Elmhurst.

The practice motions which led to the granting of summary judgment against Mt. Sinai and the holding that Health and Hospitals Corp. and the city were in contempt are so numerous and confusing that making sense of what has happened is virtually impossible. The complex of orders starts with one of April 19, 1983 striking the answer of Mt. Sinai for failure to produce the director of its Department of Obstetrics and Gynecology for a court-ordered deposition. With this order the flood of motions commenced. Mt. Sinai moved to vacate the order. By order dated June 29, 1983 this motion was granted. In response thereto, plaintiff moved for summary judgment based on defendant's default on the examination before trial and the failure to produce a knowledgeable witness from Health and Hospitals Corp. Although the motion to vacate and the motion for summary judgment were returnable in different parts, they were heard by the same Judge. He disposed of the motions to punish for contempt "in accordance with" his disposition on the motion for summary judgment. At the same time, plaintiffs moved to punish Health and Hospitals Corp. and the city for contempt for failure of the Health and Hospitals Corp., as a witness, to produce for a court-ordered deposition a person familiar with the affiliation agreement between Mt. Sinai and Elmhurst. Although that motion is alleged to have been opposed (an affidavit in opposition is contained in the record), it was granted "by default".

Despite the orders vacating Mt. Sinai's default and disposing of plaintiff's motion for summary judgment "in accordance with" that order vacating the default, plaintiff proceeded to submit an order granting him summary judgment and adjudging Health and Hospitals Corp. and the City of New York in contempt. This order recited that all parties had defaulted on the motions. That order was signed. We can attribute this only to the confusion caused by the multiplicity of motions. By separate order this matter was set down for an assessment of damages.

Mt. Sinai moved to vacate the order granting summary judgment to plaintiff and to adjudicate the contempt order a nullity. The matter came before the same Judge who had ruled on the prior matters. He conditionally vacated the order granting summary judgment to plaintiff. He did not deal with the motion to

punish for contempt, apparently because a separate order adjudging Health and Hospitals Corp. and the City of New York in contempt was then pending for settlement before him. That order was signed on November 25, 1983, whereas the order vacating the granting of judgment against Mt. Sinai was entered on November 23, 1983.

To rectify the omission to treat with the contempt orders, Mt. Sinai moved to resettle the order of November 23, 1983 to include the vacatur of the adjudication of contempt. By order entered March 28, 1984, the court denied vacatur of the orders of November 23, 1984 and November 25, 1983. This final order is the order appealed from.

We cannot fault the Judge for his failure to follow the trial of this morass of motions. It would take a bloodhound with an especially keen sense of smell to determine the current status of this litigation. In contributing to this situation, Mt. Sinai is not wholly blameless. Apparently, the initial three motions, two of which were made by plaintiff and one by defendant, were returnable the same day. Two were returnable in one part and one in another. Although defendant submitted two separate affidavits in opposition to the two motions made by plaintiff, by some quirk of fate, one was not placed in the motion jacket or was overlooked. The result was the mistaken notation in the order that Mt. Sinai, Health and Hospitals Corp. and the city had all defaulted. The resulting motions to renew, vacate and resettle all flowed from this initial error. In these circumstances, and bearing in mind the most serious consequences which will flow therefrom, we have no alternative but to afford defendant the opportunity to defend on the merits. Accordingly, we reverse the order appealed from. By consequence, summary judgment is vacated as are the adjudications of Health and Hospitals Corp. and the city in contempt. We suggest, considering the age of the injury involved, that the parties finally complete discovery so that they are in a position to proceed to trial or otherwise dispose of this matter. Concur — Sullivan, J. P., Asch, Bloom and Kassal, JJ.